**UNITED STATES of America,**

**v.**

**Mamadou DIAKHOUMPA, Defendant.**

**15–CR–629 (VM)**

United States District Court,
S.D. New York.

Signed March 15, 2016

Jason Michael Swergold, U.S. Attorney's Office, New York, NY, for United States of America.

Clay Hubbard Kaminsky, Federal Defenders of New York Inc., New York, NY, for Defendant.

**DECISION AND ORDER**

VICTOR MARRERO, United States District Judge

Defendant Mamadou Diakhoumpa ("Diakhoumpa") is charged by indictment ("Indictment") with smuggling counterfeit goods in violation of 18 U.S.C. Sections 545 and 2 and with trafficking in counterfeit goods in violation of 18 U.S.C. Sections 2320 and 2.

In connection with the scheduled trial in this matter, Diakhoumpa moved *in limine* to (1) preclude the Government from introducing any testimony, exhibits, or arguments at trial concerning previously destroyed evidence or, in the alternative, have the Court instruct the jury that it may draw an adverse inference from the Government's destruction of evidence (Dkt. No. 22, "Spoliation Motion") and (2) preclude the Government's expert testimony for which Diakhoumpa claims the Government has provided inadequate notice pursuant to Rule 16 of the Federal Rules of Criminal Procedure ("Rule 16") (Dkt. No. 23, "Expert Motion").

On March 11, 2016 the Court denied Diakhoumpa's Spoliation Motion and Expert Motion. (*See* Dkt. Minute Entry for Mar. 11, 2016, Dkt. No. 29, "March 11 Order.")

After the Court issued its March 11 Order, Diakhoumpa moved *in limine* to compel the Government to produce, pursuant to a protective order, the information provided to the Government's experts by trademark holders (Dkt. No. 28, "Motion to Compel") and requested a pretrial hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) ("*Daubert*"), to determine whether the Government's witnesses are qualified to offer expert opinions at trial (Dkt. No. 28, "*Daubert* Hearing").

Regarding his Motion to Compel, Diakhoumpa argues on three separate grounds that he is entitled to discovery of the information provided to the Government's experts by trademark holders. First, Diakhoumpa argues he is entitled to discovery pursuant to Rule 16 because the information he seeks constitutes "paper, documents, data [and] photographs" that are material to the preparation of his defense and that the Government intends to use in its case-in-chief at trial. Second, Diakhoumpa contends that an expert is required to disclose the facts and data underlying his or her opinion on cross-examination pursuant to Rule 705 of the Federal Rules of Evidence ("Rule 705"). Diakhoumpa argues that "although Rule 705 does not itself require pretrial disclosure, the Advisory Committee Notes indicate that pretrial disclosure should be ordered where necessary to allow the opposing party an opportunity for meaningful cross-examination." (Dkt. No. 28 at 2.) Third, Diakhoumpa argues that he will be deprived of his Fifth Amendment right to due process and his Sixth Amendment right to confrontation if he does not receive the information.

Regarding his request for a *Daubert* Hearing, Diakhoumpa objects to the Government's purported expert testimony pursuant to Rule 702 of the Federal Rules of Evidence ("Rule 702") for lack of sufficient facts and data and a lack of reliable principles and methods.

The Government opposed Diakhoumpa's Motion to Compel and request for a *Daubert* Hearing. (Dkt. No. 30, "Opposition Brief.") Regarding Diakhoumpa's Motion to Compel, the Government argues that it intends to call import specialists with Customs and Border Protection ("CBP") who examined the counterfeit items and made the determination that the items lack authenticity. The Government contends that the information provided by trademark holders to CBP for purposes of training its import specialists is not covered by Rule 16. Moreover, the Government does not intend to offer into evidence any document provided by a trademark holder to CBP. The Government argues that discovery of such materials would not bolster Diakhoumpa's defense as required by Rule 16, would not provide for meaningful cross-examination by Diakhoumpa as required by Rule 702, and is not necessary to challenge the credibility of the import specialists as witnesses. In addition, the Government argues that Diakhoumpa does not intend to call an expert at trial who will claim the items are authentic.

Regarding Diakhoumpa's request for a *Daubert* Hearing, the Government argues that the "reliability and qualifications of the Governments' experts can easily be answered through the foundation that the Government will establish before turning to each expert's conclusion." (Dkt. No. 30 at 3.)

Diakhoumpa subsequently replied to the Government's Opposition Brief. (Dkt. No. 31, "Reply.") In addition, Diakhoumpa filed a supplemental letter with the Court in support of his application for a *Daubert* Hearing. (Dkt. No. 32, "Supplemental Letter.") Diakhoumpa argues that in addition to CBP officers and one private investigator, the Government intends to call a lay witness employee of a designer company to provide firsthand knowledge as to whether an item is counterfeit. Diakhoumpa argues that this supports his position that the Government's purported experts do not possess any specialized knowledge separate and apart from out-of-court statements that they have received from trademark holders.

For the reasons discussed below, Diakhoumpa's motions *in limine* are **GRANTED** in part and **DENIED** in part.

## I. *APPLICABLE LAW AND DISCUSSION*

### A. *MOTION TO COMPEL*

▄ Rule 16(a)(1)(E) states: "Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant."

Diakhoumpa argues that the information he seeks is subject to discovery because it "constitutes 'paper, documents, data, [and] photographs' that are both material to the preparation of the defense and that government intends to use it in its case-in-chief at trial." (Dkt. No. 28 at 1.)

The Government argues that "information provided by trademark holders to CBP for purposes of training its import specialists is not covered by Rule 16(a)(1)(E)." (Dkt. No. 30 at 3.) The Government contends that because it does not intend to offer into evidence any document provided by a trademark holder to CBP, the information Diakhoumpa seeks must be material to preparing the defense, which Diakhoumpa has failed to show.

In his Reply, Diakhoumpa argues that the information upon which the Government's experts relied in concluding that the goods were counterfeit is "plainly relevant" to the question of whether the goods were counterfeit and also whether Diakhoumpa knew that they were counterfeit. Diakhoumpa argues that the withheld information is likely to demonstrate that the "indications of inauthenticity upon which the government's experts relied are so subtle, secret, and hard to discern, that Mr. Diakhoumpa could not have known or noticed them." (Dkt. No. 31 at 2.)

Rule 705 states: "Unless the court orders otherwise, an expert may state an opinion—and give the reasons for it—without first testifying to the underlying facts or data. But the expert may be required to disclose those facts or data on cross-examination."

Diakhoumpa argues that "although Rule 705 does not itself require pretrial disclosure, the Advisory Committee Notes indicate that pretrial disclosure should be ordered where necessary to allow the opposing party an opportunity for meaningful cross-examination." (Dkt. No. 28 at 2.)

The Government argues that "it is hard to understand how any more information, and in particular the trademark holders' valuable trade secret information, would assist the defendant in his cross examination of each witness." (Dkt. No. 30 at 4.)

The Court is persuaded that the information relied on by the Government's expert witnesses to determine the authenticity of the goods in question is material to Diakhoumpa's defense and meaningful to Diakhoumpa's cross-examination because it concerns Diakhoumpa's requisite knowledge that the items were counterfeit. As such, Diakhoumpa is entitled to the discovery he requests regarding the information provided to the Government's experts by trademark holders, provided that such requests are sufficiently specific and the information produced is not subject to privilege or work product doctrine. Such information is to be provided pursuant to a protective order as referred to in the parties' motions *in limine.*

### B. *DAUBERT HEARING*

▄ Pursuant to Rule 702: "A witness who is qualified as an expert by knowl-

edge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

A trial court must make a preliminary assessment of whether a qualified expert's testimony is "not only relevant, but reliable." *Daubert*, 509 U.S. at 589, 113 S.Ct. 2786. *Daubert's* reliability requirement should be understood in the context of the "liberal thrust" of the Federal Rules of Evidence, and their "general approach of relaxing the traditional barriers to 'opinion' testimony." *Id.* at 588, 113 S.Ct. 2786 (*quoting Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988)). The district court's role as a gatekeeper is not intended to supplant the adversary system or to resolve issues properly triable by a jury. *See* Rule 702 Advisory Committee's Note (*quoting United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1078 (5th Cir.1996)). Thus, the Supreme Court has cautioned that trial courts should err on the side of admitting scientific testimony for jury consideration: "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof," rather than exclusion, "are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596, 113 S.Ct. 2786.

While courts must exercise their gatekeeper function regarding expert testimony, a separate pretrial hearing is not always required. *United States v. Williams*, 506 F.3d 151, 161 (2d Cir.2007) (internal quotations omitted) (stating that courts possess "latitude in deciding how to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed to investigate reliability" and holding that the district court did not abuse its discretion in failing to conduct a *Daubert* hearing); *see also United States v. Santiago*, 199 F.Supp.2d 101, 112 (S.D.N.Y.2002) (finding that a *Daubert* hearing was not necessary where a reliability determination could be established through foundation questions at trial and noting that "[c]ounsel for defendants are free to challenge [the witness's] qualifications of his methodology through voire dire....")

Diakhoumpa requests a pretrial *Daubert* Hearing "[i]n order to establish whether [the Government's expert testimony] is admissible—and to save time during the trial in this matter...." (Dkt. No. 28 at 2.)

The Government argues that a *Daubert* Hearing is unnecessary because the reliability and qualifications of the Government's experts can be answered through the foundation that the Government will establish before turning to each expert's conclusion.

In his Reply and Supplemental Letter, Diakhoumpa argues that the expert witnesses the Government intends to proffer at trial are "mere conduits for inadmissible hearsay" because the witnesses do not possess any specialized knowledge separate and apart from out-of-court statements that they have received from the trademark holders. (Dkt. No. 31 at 2; Dkt. No. 32.)

The Court finds that Diakhoumpa's request for a *Daubert* Hearing is an attempt to reargue its Expert Motion, denied by the Court's March 11 Order. Moreover, Diakhoumpa has failed to put forward any new evidence that warrants reconsideration of the March 11 Order. Accordingly, the Court concludes that a *Daubert* Hear-

ing is not warranted at this time. To the extent Diakhoumpa has questions concerning the Government expert's reliability and qualifications, he may conduct additional questioning of the witness at trial. In addition, should the Government seek to have some of its witnesses testify as third parties and offer lay opinions, pursuant to Rule 701 of the Federal Rules of Evidence ("Rule 701"), this type of split testimony—expert testimony on some topics and lay testimony on others—is in fact contemplated by the rules. *See In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2005 WL 675601, at *1 (S.D.N.Y. Mar. 24, 2005) ("Certainly, it is possible for the same witness to provide both lay and expert testimony in a single case.") (*quoting* Rule 701 Advisory Committee's Note (2000)). "Rule 701 limits non-expert witness opinion testimony to that 'rationally based on the witness's perception,' helpful to determining a fact in issue, and not based on specialized knowledge." *Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.*, No. 10 CV 2333, 2013 WL 822173, at *7 (S.D.N.Y. Mar. 6, 2013).

## II. ORDER

Upon review of the parties' submissions in connection with the motions *in limine* filed by defendant Mamadou Diakhoumpa ("Diakhoumpa"), it is hereby

**ORDERED** that Diakhoumpa's motion *in limine* requesting that the Court compel the Government to produce, pursuant to a protective order, the information provided to its experts by trademark holders (Dkt. No. 28) is hereby **GRANTED** provided that such requests are sufficiently specific and such information is not privileged nor work product; and it is further

**ORDERED** that Diakhoumpa's motion *in limine* requesting a pretrial hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) to determine

that the Government's witnesses are qualified to offer expert opinions (Dkt. No. 28) is hereby **DENIED.**

**SO ORDERED.**